UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| VANESSA NGAM,<br><br>            Plaintiff,<br><br>vs.<br><br><br>JENNIFER KLUDT, Avera St. Luke Aberdeen<br>SD Staff; AVERA ST. LUKE'S HOSPITAL,<br><br>            Defendants. | 1:24-CV-01025-ECS<br><br><br>ORDER GRANTING MOTION TO STAY |

Pending before the Court is Defendants' Motion to Stay Discovery.  Doc. 48.  Defendants contend discovery should be stayed because the Court should rule first on Defendants' pending Motion for Dismissal.  Doc. 34.  Defendants' pending Motion for Dismissal argues, in part, that Plaintiff's Complaint should be dismissed due to a failure to exhaust administrative remedies.  Id.  In response, Plaintiff has filed her own motion and response entitled "Motion Opposing to Stay Discovery."  Doc. 50 (capitalization in original omitted).  In this motion and response, Plaintiff argues discovery should not be stayed for various reasons going to the merits of Plaintiff's claim, including Plaintiff's allegation that she was racially discriminated against and was a good nurse.  Id.  Plaintiff also contends that, "I need the EICU provider to be present in court and testify under oath."  Id.  But Plaintiff does not explain why testimony from the "EICU provider" somehow addresses whether she exhausted her administrative remedies before proceeding with this lawsuit.  Further, none of the remaining reasons articulated by Plaintiff are relevant to the alleged failure to exhaust administrative remedies.

This Court has inherent authority to stay discovery. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Ass'n of Equip. Mfrs. v. Burgum, No. 1:17-cv-151, 2018 WL 1773145, at *1 (D.N.D. Mar. 5, 2018) ("A district court has broad discretion to stay proceedings when appropriate to control its docket, converse [sic] judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants."). "A district court has very wide discretion in handling pretrial discovery and [the appellate court is] most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion . . . ." United States ex rel. Kraxberger v. Kan. City Power & Light Co., 756 F.3d 1075, 1082 (8th Cir. 2014) (quoting Voegeli v. Lewis, 568 F.2d 89, 96 (8th Cir. 1977)).

Here, Defendants' argument that Plaintiff failed to exhaust administrative remedies is potentially dispositive. Plaintiff has not articulated any reason why further discovery needs to go forward to address the precise issue of whether Plaintiff exhausted her administrative remedies. As a result, the Court in its discretion believes a stay of discovery is appropriate until the Court has had an opportunity to rule on Defendants' pending Motion for Dismissal. Doc. 34. Such a stay promotes the interests of judicial economy.

Therefore, for good cause, it is

ORDERED that Defendants' Motion to Stay Discovery, Doc. 48, is granted. Discovery is stayed in this matter until the Court rules on Defendants' Motion for Dismissal, Doc. 34. It is further

ORDERED that Plaintiff's Motion Opposing to Stay Discovery, Doc. 50, is denied.

DATED this 9th day of July, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3